# UNITED STATES DISTRICT COURT

District of New Jersey

Chambers of
**William H. Walls**
Senior District Judge

(973) 645-2564
(973) 645-3436 Fax

Martin Luther King Jr.
Federal Courthouse
50 Walnut Street
Newark, New Jersey 07102

<u>NOT FOR PUBLICATION</u>

<u>LETTER ORDER</u>

<u>ORIGINAL ON FILE WITH CLERK OF COURT</u>

March 16, 2009

**Appearances:**

Carlos Dominguez (Pro Se)
# 28148-050
CI: M.C.C.C.
555 I-Cornell Drive
Philipsburg, PA 16866

Andrew Carey
Office of the United States Attorney
970 Broad Street
Suite 700
Newark, NJ 07102

Re:   <u>United States v. Dominguez</u>; Crim. No. 07-53 (WHW)
      Defendant's Motion to Reduce Sentence

Dear Litigants:

      Defendant Carlos Dominguez moves for a reduction in his sentence based on conditions at Passaic County Jail, where defendant was held pending his criminal trial. The motion is denied.

**FACTS AND PROCEDURAL BACKGROUND**

In January 2007, defendant pled guilty to one count of possession and intent to distribute a controlled substance, namely heroin.  (See J. in a Criminal Case, Dkt. Entry No. 18 (filed June 20, 2007).)  As part of the plea agreement, the government stipulated to a guideline range of 23 to 25, (See Plea Agreement, Sched. A ¶ 11, Dkt. Entry No. 14 (filed Jan. 24, 2007).), and agreed not to challenge the sentence imposed by this Court if such sentence fell within the range that results from a total offense level of 25.  (See Plea Agreement, Sched. A ¶ 13.)  In exchange, Dominguez waived  "the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C § 3742 or a motion under 28 U.S.C. § 2255," challenging the sentence so long as it fell within or below the range that results from a total offense level of 23. (See Plea Agreement, Sched. A ¶ 13.)  Both parties did "reserve the right ... to file or to oppose any appeal, collateral attack, writ or motion not barred by [the waiver provisions]" (See Plea Agreement, Sched. A ¶ 14.)  The Court sentenced defendant to a term of 46 months, within the range contemplated by the parties.  (See J. in a Criminal Case at 2.)

Before his trial Dominguez was held at the Passaic County Jail, which is "overcrowded, is breaking down, and is a very rough place to serve time."  United States v. Sutton, 2007 U.S. Dist. LEXIS 79518 at *1 (D.N.J. Oct. 25, 2007).  In Sutton, Judge Hayden granted a downward variance to a defendant who had been held at the jail based on the conditions of the facility.  See id. at *27-28.  Solely on the basis of this decision, Dominguez now moves for a reduction in his sentence.

**LEGAL STANDARD**

"Waivers of appeals, if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of justice" United States v. Khattak, 273 F.3d 557, 563 (3d Cir. 2001). So although most waivers entered knowingly and voluntarily will be enforced, not all review is foreclosed. See id. "There may be an unusual circumstance where an error amounting to a miscarriage of justice may invalidate the waiver." Id. The Third Circuit has declined to identify specific circumstances meeting this test, instructing courts to consider "[t]he clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." Khattak at 563 (citing United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001)); see also Fenner v. United States, 2005 U.S. Dist. LEXIS 17035, *9 (D.N.J. Aug. 4, 2005) (observing that "[t]hese factors are concerned with the circumstances where there has been an error, such as issues related to the facts or sentencing guidelines").

**DISCUSSION**

As the government observes, Domiguez's motion does not specify the grounds under which he seeks relief but the waiver that Dominguez entered in connection with his plea agreement is sufficiently broad that, unless Dominguez can avoid it, any claim he has asserted would be encompassed by its terms.

Defendant does not contest that he entered the waiver knowingly and voluntarily. Dominguez asserts in reply that he is neither "contesting his plea agreement," (Def.'s Reply 2.), nor "suggesting that his agreement to plea was not knowing or intelligent." (Id. at 3.) Therefore, this Court will deny his motion unless the waiver works a "miscarriage of justice." See id..

Dominguez also does not assert that any error has occurred, simply that the conditions at the Passaic County Jail were so abhorrent as to require a reduction of his sentence. Dominguez's primary support for this relief is Judge Hayden's thorough examination of the conditions at the Passaic County Jail in Sutton. It is an understatement to say that the factual description of the conditions at the 50-year old facility, which housed 64 inmates in a 54 by 40-foot dorm-style room without separate eating, sleeping or sanitary facilities, is troubling. See id. at *16-*19. Even if the Court were to accept the government's assertion that the jail has been in compliance with 476 of 487 stringent oversight standards since November of 2007, the Court would be suspicious of such metrics given the history of administration of the jail. Id. at *8-12 (detailing manipulation of oversight standards to allow perpetuation of substandard conditions). Moreover, Dominguez's confinement in the jail occurred from March, 2006 until June, 2007, (Mov.'s Reply at 5.), so purported improvements in the jail since November 2007 are beside the point

But even if the conditions Dominguez was subjected to were they appear to be, he is still not entitled to relief. Dominguez waived his right to appeal or challenge his sentence so long as such sentence was within a particular range. This Court's sentence was within that range. At the time of the waiver, Dominguez had been subjected to the conditions at the jail from some time but failed to seek any reduction in his sentence at the time he entered the waiver. So, even if the Court considered the failure to credit time spent at the jail an "error" for Khattack purposes, defendant acquiesced in such error. See Khattack at 563. But there is no evidence of any error in Domiguez's sentencing. The Court applied the sentence guidelines consistently with the expectations of the parties and there is no evidence that the Court made any errors concerning "a fact issue, a sentencing guideline, or a statutory maximum." See id. Accordingly, under the

applicable authority, enforcement of the waiver works no "miscarriage of justice." Defendant's motion is denied.

**CONCLUSION**

For the foregoing reasons, it is on this 16th day of March, 2009,

ORDERED that defendant's motion to reduce sentence is DENIED.

s/William H. Walls  
United States Senior District Judge